IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA - TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> PLAINTIFF, <br><br> - vs. - <br><br> DRAKE BEST, <br> DEFENDANT. | ) <br> ) <br> ) <br> ) CAUSE NO: 2:20-cr-00014-JRS-CMM <br> ) <br> ) <br> ) |

## PETITION TO ENTER A BLIND PLEA OF GUILTY AND REQUEST FOR A PRETRIAL SENTENCE INVESTIGATION REPORT

**COMES NOW** Defendant, **DRAKE BEST**, by his court-appointed counsel, Lupita Thompson of Thompson Law, LLC and hereby petitions this Honorable Court for leave to enter a blind plea of guilty to Count I and Count II of the Indictment [Dkt# 15] filed October 29, 2020 for the offense of Possession of a Firearm by a Prohibited Person in violation of Title 18, United States Code, Section 922(g)(1), and hereby requests this Honorable Court to Order the United States Probation Department to conduct a Presentence Investigation Report.

Defendant, DRAKE BEST, represents the following to the Court:

### GUILTY PLEA AND CHARGE

**Plea of Guilty:** Defendant, Drake Best, having been Indicted, petitions this Honorable Court for leave to enter and agrees to enter a plea of guilty to Count I and Count II of the Indictment.

Count I and Count II of the Indictment charges that Defendant, Drake Best committed the offense of Possession of a Firearm by a Prohibited Person in violation of Title 18, United States Code, Section 922(g)(1).

### POTENTIAL PENALTIES

Page 1 of 8

Count I and Count II of the Indictment are punishable by a maximum sentence of up to 10 years imprisonment, a $250,000 fine, and 3 years supervised release following any term of imprisonment.

## ELEMENTS OF THE OFFENSE

As to both counts, Defendant, Drake Best agrees that the Government must prove, and can prove, the following elements beyond a reasonable doubt:

1. That on or about May 16, 2019 (Count II) and on or about July 31, 2020 (Count I) Drake Best knowingly possessed a firearm;

2. At the time of the charged acts, Drake Best had previously been convicted of a crime punishable by a term of imprisonment of more than one year;

3. At the time of the charged acts, Drake Best knew that he had been convicted of a crime punishable by a term of imprisonment of more than one year;

4. The firearms had been shipped or transported in interstate or foreign commerce prior to defendant's possession of them; and

5. These events occurred in the southern district of Indiana.

## COUNT I INDICTMENT ADMONISHMENTS

1. I am able to read and understand the English language.

2. I have received a copy of the Indictment. I have read the entire Indictment with my attorney, Lupita Thompson, and she has discussed the Indictment with me.

3. I understand the charge in Count I and the charge in Count II of the Indictment for which I am entering a blind plea of guilty.

4. I understand that Count I and Count II of the Indictment are punishable by a maximum

sentence of 10 years imprisonment, a $250,000 fine, and up to 3 years supervised release following any term of imprisonment.

5. I understand that there is a mandatory special assessment fee of $100.00 imposed pursuant to 18 U.S.C. §3013 for each count for a total of $200.00 that is due on the date of sentencing, or as ordered by the Court, to the United States District Clerk.

## ACKNOWLEDGMENT OF CONSTITUTIONAL GUARANTEES

1. I, DRAKE BEST, and my attorney, Lupita Thompson, have reviewed and discussed my Constitutional rights, and the rights I will be waiving upon a plea of guilty. I understand my Constitutional rights, and I waive those rights upon entering a plea of guilty to Count I and Count II of the Indictment. I, DRAKE BEST, understand and acknowledge that I have:

    a. the right to persist in a plea of not guilty, or having plead guilty by signing this guilty plea document, the right to persist in a plea of guilty;

    b. the right to a speedy and public trial by a jury or judge in the district in which I have been charged;

    c. the right to a jury trial or a bench trial (trial by a judge instead of a jury);

    d. the right to be represented by an attorney, and if I cannot financially afford an attorney, if necessary the Court will appoint an attorney for trial, and at every other stage of the proceeding, including an appeal;

    e. the right to use the power and the process of the Court to compel the production of evidence;

    f. the right at trial to confront and cross-examine adverse witnesses;

    g. the right to remain silent and be protected from compelled self-incrimination;

  h. the right to testify and present evidence;

  i. The right to compel the attendance of witnesses by use of subpoena powers;

  j. the right to appeal my sentence to a higher Court with the assistance of counsel even if I am finally unable to afford counsel, at which time the Court will appoint an appellate attorney for me.

2. By signing this Guilty Plea document I am informing the Court that I am pleading guilty freely and voluntarily. I am acknowledging my Constitutional rights listed above, and by pleading guilty, I am freely and voluntarily waiving those Constitutional rights.

3. My attorney has informed me that there have been no promises made to me regarding my sentence, and although the prosecution and my attorney will present arguments to the Court, only the Court determines my sentence.

4. I make no claim of innocence, and I am freely and voluntarily pleading guilty to Count I and Count II of the Indictment. My decision to plead guilty has been made after carefully considering all of my options and after discussing my options with my attorney. I am therefore pleading guilty as set forth in this document because I am guilty of Count I and Count II of the Indictment.

5. I respectfully request that this Honorable Court consider in mitigation of punishment at the time of Sentencing the fact that by voluntarily pleading "Guilty", I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before the Court imposes sentence upon me, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

6. My attorney and I have already discussed mitigation issues for Sentencing. Section

3553(a) factors, my right to make a statement to the Court, and a Sentencing Memorandum my attorney intends to file on my behalf.

## APPEAL RIGHTS

DRAKE BEST understands that he has a statutory right to appeal the sentence imposed, and the manner in which the sentence was determined. He has not waived any rights to appeal, including but not limited to his right to challenge the statute to which he is pleading guilty, challenge the guilty plea and sentence imposed, including but not limited to the length and conditions of supervised release, the amount of any fine, and the sentence imposed on any other ground, including the right to appeal conferred by 18 U.S.C. §3742.

In addition, DRAKE BEST can contest or seek to modify his conviction or sentence of the manner in which either was determined in any later legal proceeding, including but not limited to an action brought under 18 U.S.C. §3582 or 28 U.S.C. §2255. In regards to Section 3582, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense and explicitly makes such an amendment retroactive, the defendant is free to file an appeal. Regarding Section 2255, the defendant is able to claim, either on direct or collateral review, that she received ineffective assistance of counsel.

DRAKE BEST is able to present evidence and arguments concerning the length and conditions of supervised release, and he is free to appeal the length and conditions of the period of supervised release.

## PRESENTENCE INVESTIGATION REPORT

1. DRAKE BEST requests and consents to the commencement of a Presentence

Investigation by the United States Probation Department for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

2. DRAKE BEST requests and consents to the review of her Presentence Investigation Report by the Honorable Judge, the Government, Mr. Best, and defense counsel at any time, including prior to entry of a formal plea of guilty.

3. Since DRAKE BEST is entering a plea of guilty to Count of the Indictment, and this case is set for pretrial and jury trial, Mr. Best requests that the pretrial and jury trial dates be vacated to permit the Court to consider this proposed guilty plea. Mr. Best understands that any delay resulting from the Court's consideration of this proposed guilty plea, up to, and including the date on which the Court either accepts or rejects her guilty plea, will be excluded in computing the time within which trial of this cause must commence pursuant to 18 U.S.C. §3161(j)(1)(G).

## SENTENCING

1. DRAKE BEST agrees and understands that the Court will use its discretion to fashion a sentence within the statutory range previously cited above. Mr. Best and his attorney reviewed and discussed the statutory range together, and Mr. Best agrees he understands the potential penalties in Count I and Count II of the Indictment.

2. The Court will consider the factors set forth in 18 U.S.C. §3553(a) in determining the appropriate sentence within the statutory range. Mr. Best and his attorney reviewed and discussed §3553(a) factors together and issues to address at Mr. Best's Sentencing Hearing.

3. The Court will also consult and take into consideration the United States Sentencing Guidelines in determining the appropriate sentence within the statutory range. Mr. Best and his

attorney reviewed and discussed issues in the Sentencing Guidelines and ways to object to the Presentence Investigation Report, and how to highlight issues on behalf of Mr. Best in a Sentencing Memorandum.

4. DRAKE BEST understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature.

5. DRAKE BEST understands that although the Parties and/or the Presentence Investigation Report may decide a guideline calculation, a criminal history category, and an advisory sentencing guideline range, the final determination concerning a guideline range will only be made by the Court.

6. By pleading "Guilty" the Court may impose the same punishment as if Defendant, DRAKE BEST plead "Not Guilty", pursued a jury trial or a bench trial, and had been convicted.

7. No promises have been made to DRAKE BEST regarding the Sentence that the Court will impose.

_____  9-14-21
DRAKE BEST                        DATE
DEFENDANT

_____  9/15/2021
LUPITA THOMPSON                   DATE
COUNSELOR FOR DEFENDANT, *DRAKE BEST*

## CERTIFICATE OF SERVICE

I hereby certify that on <u>Wednesday, September 15, 2021</u> I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Southern District of Indiana using the CM/ECF system which will send notification of such filing to the following:

Mr. Jayson McGrath
Assistant United States Attorney
jayson.mcgrath@usdoj.gov

/s/ *Lupita Thompson*
Lupita Thompson, Esquire